559 F.2d 1207
 78-1 USTC P 9102
 Unpublished Disposition
NOTICE: Third Circuit Rule 21(i) states citations to federal decisions which have not been formally reported should identify the court, docket number and date.
Carlton E. Bowser, Sr. and Violet M. Bowser, Appellants
v.
Commissioner of Internal Revenue, Gerald G. Portney,
District Director, his agents, servants and
assigns, Appellees.
 No. 76-1031
.
United States Court of Appeals, Third Circuit.
 June 10, 1977.
 
 Before Associate Justice CLARK (Ret.), Circuit Judge VAN GRAAFEILAND, District Judge CLARKE.
 
 Order
 
 1
 Appellants (plaintiffs below), Carlton E. Bowser, Sr. and Violet M. Bowser (hereinafter referred to as "taxpayers") appeal from a final order of the District Court by which defendants' motion to dismiss this suit was granted. The taxpayers attempted through this action to remove a pending tax deficiency case from the Tax Court to the District Court. The Court below dismissed the suit on the ground that it lacked jurisdiction.
 
 
 2
 Section 6512(a) of the Internal Revenue Code of 1954 provides that, after a taxpayer has filed a petition in the Tax Court for review of an assessment, no other suits may be brought involving the determination of taxes due for the year or years covered by the petition. Thus, Sec. 6512(a) operates as a limitation on the general jurisdictional grant of 28 U.S.C. Sec. 1346 which grants the District Courts (concurrently with the Court of Claims) jurisdiction over suits to recover taxes.[1]
 
 
 3
 The taxpayers do not dispute that they initiated the process of Tax Court review by filing a timely petition in that Court. Instead, they challenge the constitutionality of Sec. 6512 and the Tax Court procedures. They assert that the due process guarantees of the Fifth Amendment to the Constitution require invalidation of the system established by Congress for judicial review of tax collections.
 
 
 4
 The taxpayers' assertion that an Internal Revenue Service assessment of taxes due amounts to a judgment against them without any process of law is wholly without merit. Any taxpayer who is the subject of an assessment has alternative avenues of judicial review available for contesting the fact and amount of additional assessment. Review in the District Court may be had in the form of a refund suit if the amount assessed is first paid. If the taxpayer wishes to withhold payment pending review, he may petition the Tax Court. In either case, further review is available by appeal to this Court. The availability of these procedures belies any claim of deprivation of property without due process of law. Such a contention was dismissed out of hand by the United States Supreme Court more than sixty years ago. Dodge v. Osborn, 240 U.S. 118 (1916).
 
 
 5
 "We do not say these avenues of review are the best that can be devised.... [However,] the problems presented do not rise to the level of constitutional infirmities, in light of the powerful governmental interests in protecting the tax system from premature judicial interference...." Bob Jones University v. Simon, 416 U.S. 725, 747 (1974). In Bob Jones, the Supreme Court explicitly relied on the existence of the twin avenues of review outlined above to uphold, as against a claim of denial of due process, a statute restricting Federal court jurisdiction. This Court agrees that the system does provide taxpayers due process.
 
 
 6
 In addition to their general due process claim, taxpayers assert a violation of due process because of two specific aspects of a Tax Court proceeding: placement of the burden of proof on the taxpayer and the absence of a jury trial.
 
 
 7
 As to the issue of burden of proof, the Supreme Court has explicitly approved placement of the burden on the taxpayer. Helvering v. Taylor, 293 U.S. 507 (1935). In view of the taxpayer's greater access to all relevant information, the potential administrative burden of a contrary rule, and the presumption of administrative regularity, there is no unfairness in requiring the taxpayer to prove the assessment incorrect. The Court notes also that even if the taxpayers were to proceed in the District Court, they would bear the burden of proof.
 
 
 8
 There are two answers to the taxpayers' challenge based on the non-provision of a jury in the Tax Court. First, the taxpayers could have availed themselves of a procedure whereby a jury trial would have been provided, i.e., a refund suit in the District Court. This they chose not to do, electing instead to petition for review in the Tax Court. More fundamentally, the Seventh Amendment right to a jury trial is simply inapplicable to tax suits. Due process of law does not necessitate trial by jury as long as the procedure is fair. Wickwire v. Reinecke, 275 U.S. 101 (1927). This Court has already upheld the Tax Court procedure as fair and therefore concludes that even the total absence of any possibility of a jury trial would not constitute a deprivation of property without due process of law.
 
 
 9
 In accordance with the foregoing reasoning and the authorities cited, the judgment of the District Court is AFFIRMED. Costs taxed against the appellants.
 
 
 
 [1]
 Two other jurisdictional statutes, relied on by taxpayers, 28 U.S.C. Sec. 1331 and 1343, do not give the District Court jurisdiction over claims against the United States