Max LAMPENFIELD, Jr., Plaintiff,

v.

INTERNAL REVENUE SERVICE, U.S.
GOVERNMENT, Defendant.

Civ. A. No. 87–1636.

United States District Court,
M.D. Pennsylvania.

July 18, 1988.

Max Lampenfeld, Jr., Hummelstown, Pa., pro se.

Bruce Brandler, Asst. U.S. Atty., U.S. Attorney's Office, Scranton, Pa., Stuart D. Gibson, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM

RAMBO, District Judge.

Before the court is defendant's Rule 12 motion to dismiss for lack of subject matter jurisdiction or, in the alternative, for failure to state a claim upon which relief can be granted. The motion has been fully briefed and is ripe for disposition.

On July 7, 1987 the Internal Revenue Service notified plaintiff by letter that there was a deficiency in plaintiff's income tax for the years 1982 through 1985. The notice letter informed plaintiff that he could contest the deficiency by petitioning the United States Tax Court within ninety (90) days of the date on which the notice letter was mailed. Plaintiff filed a complaint in this court on November 20, 1987. In his complaint plaintiff requests the court to order defendant to produce the information from which plaintiff's deficiency was calculated, to recalculate his deficiency, and to declare the current notice of deficiency void. Further, plaintiff asks the court to order defendant to show cause why plaintiff should be required to pay interest on his deficiency and for the court to order defendant to pay plaintiff the cost of bringing this action. Plaintiff claims that his complaint is founded on the Seventh amendment to the United States Constitution. Defendant has moved to dismiss the complaint, arguing that this court lacks subject matter jurisdiction.

The Seventh Amendment provides that "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law." U.S. Const. amend. VII. The Supreme Court has held that the right preserved by the Seventh Amendment "does not apply in actions against the Federal Government." *Lehman v. Nakshian*, 453 U.S. 156, 160, 101 S.Ct. 2698, 2701, 69 L.Ed.2d 548 (1981). It is also a settled principle that the United States is immune from suit except insofar as it has consented to be sued. *Id.* at 170, 101 S.Ct. at 2706.

The United States has consented as follows to be sued by an individual who is disgruntled by the amount of income tax he has been required to pay:

> The district courts shall have original jurisdiction, concurrent with the United States Claims Court, of: (1) Any civil action against the United States for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws....

28 U.S.C. § 1346(a)(1).

The Supreme Court has held that "§ 1346(a)(1), correctly construed, requires full payment of the assessment before an income tax refund suit can be maintained in a Federal District Court." *Flora v. United States*, 362 U.S. 145, 177, 80 S.Ct. 630, 647, 4 L.Ed.2d 623 (1960). In *Flora* the Internal Revenue Service had levied a deficiency assessment upon a taxpayer. After paying a portion of the assessment, the taxpayer sued for a refund of the partial payment. On the basis of the holding quoted above the Supreme Court affirmed the dismissal of the taxpayer's suit for lack of subject-matter jurisdiction.

In the case at bar defendant asserts, and plaintiff does not dispute, that no assessment has yet been levied upon plaintiff. Also, plaintiff concedes that he has not paid any of the taxes which are the subject of the deficiency notice sent to him by the Internal Revenue Service. If under *Flora* a taxpayer who has paid part of his deficiency cannot bring a refund suit in district court pursuant to § 1346(a)(1), it is even more compelling to dismiss for lack of jurisdiction the complaint of a taxpayer who

has not even been assessed and who has not paid any of his deficiency. Congress has provided at 26 U.S.C. § 6213(a)[1] the means whereby plaintiff can challenge the notice of deficiency.

As § 1346(a)(1) does not confer jurisdiction on the court over plaintiff's claim and as plaintiff has pointed to no other statute which waives the immunity of the United States so as to permit the maintenance in district court of an action such as the one at bar, plaintiff's complaint must be dismissed for lack of jurisdiction. In light of this conclusion, it is unnecessary to address defendant's argument that plaintiff has failed to state a claim for relief.

---

**1.** The cited section provides as follows:

(a) Time for filing petition and restriction on assessment.

Within 90 days, or 150 days if the notice is addressed to a person outside the United States, after the notice of deficiency authorized in section 6212 is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the last day), the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency. Except as otherwise provided in section 6851 or section 6861 no assessment of a deficiency in respect of any tax imposed by subtitle A or B, chapter 41, 42, 43, 44 or 45 and no levy or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expriation of such 90–day or 150–day period, as the case may be, nor, if a petition has been filed with the Tax Court, until the decision of the Tax Court has become final. Notwithstanding the provisions of section 7421(a), the making of such assessment or the beginning of such proceeding or levy during the time such prohibition is in force may be enjoined by a proceeding in the proper court.

26 U.S.C. § 6213(a).