

1995 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-7-1995

# Koss v United States

Precedential or Non-Precedential:

Docket 95-1154

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1995

Recommended Citation

"Koss v United States" (1995). *1995 Decisions.* Paper 285.
http://digitalcommons.law.villanova.edu/thirdcircuit_1995/285

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1995 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


No. 95-1154


DAVID A. KOSS;
FREYA B. KOSS,

Appellants

v.

UNITED STATES OF AMERICA


On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 93-06965)


Argued October 10, 1995

BEFORE:  GREENBERG, LEWIS, and ROSENN, Circuit Judges

(Filed: November 7, 1995)

David A. Koss (argued)
300 East Lancaster Avenue
The Wynnewood House
Wynnewood, PA 19096

Attorney for Appellants


Loretta C. Argett
Assistant Attorney General
Gary R. Allen
Kenneth L. Greene
Sara Ann Ketchum (argued)
Attorneys Tax Division
Department of Justice
Post Office Box 502
Washington, D.C. 20044
Michael R. Stiles
United States Attorney
615 Chestnut Street
Philadelphia, PA 19106-4476

1

OPINION OF THE COURT

GREENBERG, Circuit Judge.

### I.  FACTUAL & PROCEDURAL BACKGROUND

This matter is before the court on an appeal by taxpayers in a suit involving claims for income tax adjustments and refunds.  The facts are not in dispute, and we set them forth as found by the district court.  Appellant David A. Koss, a member of the Pennsylvania bar since 1957, agreed with a client in 1971 to perform legal services in exchange for stock in Video Systems Corp.  In 1973, a dispute between Koss and his client over the number of shares to be paid Koss escalated into a court action.  In January 1974, the parties reached a settlement in which Koss would receive 22,000 shares on February 1, 1974, as well as the proceeds from the intended sale of an additional 20,000 shares.  The 22,000 shares were not registered under the Securities Act of 1933, so their sale to the public was restricted.

In their 1974 federal income tax return, Koss and his wife, appellant Freya Koss, reported the value of the 22,000 shares as $4,400 of gross ordinary income.  In 1977, the Internal Revenue Service started examining the Kosses' 1974 return.  However, in 1977 the shares became worthless.  While this examination was pending, the Kosses filed a federal income tax

2

return for 1977 which did not claim a loss sustained on the 22,000 shares of Video Systems stock received in 1974.

On December 5, 1980, the IRS asserted an income tax deficiency of $48,788.05 against the Kosses for 1974.[1] The deficiency was attributable to the IRS placing the fair market value of the 22,000 shares of Video Systems stock at $110,000 rather than $4,400. On February 28, 1981, the Kosses timely petitioned the United States Tax Court for a redetermination of this asserted deficiency. Ultimately, the Tax Court upheld the IRS and determined that the Kosses owed $48,788.05. We affirmed the decision of the Tax Court. Koss v. Commissioner, 57 T.C.M. (CCH) 882 (1989), aff'd, 908 F.2d 962 (3d Cir. 1990). The Tax Court decision became final on September 23, 1990, when the time for petitioning for certiorari expired.

On August 3, 1991, the Kosses filed an amended tax return for 1977 indicating that the 22,000 shares of Video Systems stock had become worthless. Accordingly, they requested an adjustment of their income tax liability and a refund of the $899.07 in tax they paid for that year. On that same date, the Kosses also filed an amended tax return for 1974 that requested an adjustment based on the carryback of the net operating loss incurred in 1977 due to the worthlessness of the 22,000 shares. At that time, they paid a tax of $2,148.41 for 1974, which they computed was the amount due after application of the carryback

---

[1] We take this figure from the Tax Court opinion. In its brief the government indicates the figure was $47,788.05.

3

loss.  The IRS disallowed the requested adjustments on November 21, 1993.

On December 27, 1993, the Kosses brought this action for recovery of the $899.07 and for allowance of the requested adjustments on their 1974 return.  The district court entered summary judgment in favor of the government on December 21, 1994.  It reasoned that the complaint was barred by the statute of limitations in 26 U.S.C. § 6511 and could not be salvaged by the mitigation sections at 26 U.S.C. §§ 1311-14.  The Kosses then timely appealed, asserting that the district court had jurisdiction under 28 U.S.C. § 1346(a)(1) (civil action against United States for recovery of tax allegedly erroneously or illegally assessed or collected) and 26 U.S.C. § 7422 (civil action for refund).  We have jurisdiction pursuant to 28 U.S.C. §1291 and exercise plenary review.  See Pleasant Summit Land Corp. v. Commissioner, 863 F.2d 263, 268 (3d Cir. 1988), cert. denied, 493 U.S. 901, 110 S.Ct. 260 (1989).

## II.  DISCUSSION
### A.  Limitations on Jurisdiction

The United States "is immune from suit, save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit."  United States v. Testan, 424 U.S. 392, 399, 96 S.Ct. 948, 953 (1976) (quoting United States v. Sherwood, 312 U.S. 584, 586, 61 S.Ct. 767, 769 (1941)).  Thus, although 28 U.S.C. § 1346(a)(1) provides that the district court has jurisdiction over "[a]ny

4

civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected . . . under the internal-revenue laws," other statutory provisions placing requirements or restrictions on such actions limit and determine the scope of this grant of jurisdiction. United States v. Dalm, 494 U.S. 596, 601, 110 S.Ct. 1361, 1364 (1990).

The statute of limitations in 26 U.S.C. § 6511 is one such limitation on jurisdiction. The basic rule is as follows:

> Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later . . . .

26 U.S.C. § 6511(a). Where, however, the claim for credit or refund relates to an overpayment of income tax on account of bad debts or worthless securities, the limitations period is "7 years from the date prescribed by law for filing the return for the year with respect to which the claim is made." 26 U.S.C. §6511(d)(1). A claim for credit or refund of tax brought after the expiration of the limitations period is outside the district court's jurisdiction. United States v. Dalm, 494 U.S. at 602, 110 S.Ct. at 1365.

In this case, the Kosses seek an adjustment of their 1977 income tax liability and a refund of $899.07 from the tax they paid upon filing their 1977 income tax return on or before April 15, 1978. Under section 6511(d)(1), the applicable statute

5

of limitations expired seven years after that date, or April 15, 1985. Consequently, the refund claim filed on August 3, 1991, is barred by the statute of limitations.

Further, under 28 U.S.C. § 1346(a)(1), a taxpayer filing suit for an income tax refund must pay the full amount of the tax prior to filing the suit. Thus, in Flora v. United States, the Supreme Court concluded that "§ 1346(a)(1), correctly construed, requires full payment of the assessment before an income tax refund suit can be maintained in a Federal District Court." 362 U.S. 145, 177, 80 S.Ct. 630, 647 (1960); see also Psaty v. United States, 442 F.2d 1154, 1158 (3d Cir. 1971). This requirement defeats the Kosses' claim for an adjustment to their 1974 income tax liability. As described above, the IRS asserted a deficiency of $48,788.05 against them for 1974. The Kosses filed a petition with the Tax Court for a determination, which determination became final on September 23, 1990. Although the Kosses have not paid the deficiency of $48,788.05, they seek to adjust their tax liability for 1974 based on (1) the IRS's determination that the 22,000 shares were worth $110,000 in 1974; (2) the loss of that amount in 1977 due to the worthlessness of the stock; and (3) the carryback of the net operating loss resulting from the loss incurred in 1977. The Kosses have labelled their claim as one for an adjustment of their 1974 tax liability, but the net effect they seek is a credit to be applied to the outstanding deficiency. Because they have not paid the full amount of the asserted deficiency, however, their claim

6

cannot be brought in the district court under 28 U.S.C. §1346(a)(1).

As the government correctly points out, this is a no-win argument for the Kosses. If they did not pay the full assessment for the year 1974, they could not bring the claim under 28 U.S.C. § 1346(a)(1). If they did pay it, their current claim would still be barred by the statute of limitations found in section 6511(d)(2)(A):

> If the claim for credit or refund relates to an overpayment attributable to a net operating loss carryback . . . , in lieu of the 3-year period of limitation prescribed in subsection (a), <u>the period shall be that period which ends 3 years after the time prescribed by law for filing the return (including extensions thereof) for the taxable year of the net operating loss</u> . . . which results in such carryback . . . .

26 U.S.C. § 6511(d)(2)(A) (emphasis added). The net operating loss is alleged to have occurred in 1977; the tax return for that year was required to be filed by April 15, 1978. The Kosses filed their 1977 return on or before April 15, 1978, and thus they had three years, or until April 15, 1981, to bring this claim to adjust their 1974 tax liability. Since they did not bring the claim until 1991, it is time-barred.

Moreover, the government argues correctly that the claim to adjust the 1974 tax liability is also barred by section 6512(a), which provides:

> **Effect of petition to Tax Court**. -- If the Secretary has mailed to the taxpayer a notice of deficiency under section 6212(a) (relating to deficiencies of income, estate, gift, and certain excise taxes) and if the taxpayer

7

> files a petition with the Tax Court within
> the time prescribed in section 6213(a)
> . . . , no credit or refund of income tax for
> the same taxable year . . . in respect of
> which the Secretary has determined the
> deficiency shall be allowed or made and no
> suit by the taxpayer for the recovery of any
> part of the tax shall be instituted in any
> court . . . .

26 U.S.C. § 6512(a).  Under this section, filing a petition to the Tax Court to challenge an asserted deficiency bars the taxpayer from bringing a suit in any other court for the recovery of any part of the tax for that taxable year.  See, e.g., Solitron Devices, Inc. v. United States, 862 F.2d 846, 848 (11th Cir. 1989) (section 6512(a) bars any action for taxes for same taxable year in respect of which taxpayer petitioned Tax Court); First Nat'l Bank v. United States, 792 F.2d 954, 956 (9th Cir. 1986) (district court has no jurisdiction over redetermination of estate tax liability previously established in Tax Court), cert. denied, 479 U.S. 1064, 107 S.Ct. 948 (1987); Bowser v. Commissioner, 559 F.2d 1207, No. 76-1031, 1977 WL 25925, at *1 (3d Cir. June 10, 1977) ("§ 6512(a) operates as a limitation on the general jurisdictional grant of 28 U.S.C. § 1346[.]"); Elbert v. Johnson, 164 F.2d 421, 424 (2d Cir. 1947) ("It is not the decision which the Tax Court makes but the fact that the taxpayer has resorted to that court which ends his opportunity to litigate in the District Court his tax liability for the year in question."); see also United States v. Dalm, 494 U.S. at 606, 110 S.Ct. at 1367 (noting that taxpayer's petition in Tax Court on income tax liability precluded relitigation of same in district court).

8

When the IRS notified them of the deficiency for 1974, the Kosses did not pay the tax and seek a refund in the district court. Rather, they petitioned the Tax Court for a determination which ultimately became final against them. Consequently, they are barred by section 6512(a) from bringing any suit in any court to litigate their tax liability for 1974. We realize that when the Video Systems stock became worthless in 1977, the Kosses believed that the shares had been worth only $4,400 rather than $110,000 in 1974, and that they believe that they therefore could not have asserted a $110,000 loss in the Tax Court. Nevertheless, the fact that the Kosses are advancing issues that were not presented to the Tax Court and perhaps could not have been considered by that court cannot change our conclusion. "[T]he Tax Court's jurisdiction, once it attaches, extends to the entire subject of the correct tax for the particular year." Erickson v. United States, 309 F.2d 760, 767 (Cl. Ct. 1962). Even in cases where the issues raised by taxpayers in the district court could not have been litigated in the Tax Court because they arose from facts occurring after the Tax Court's decision, courts regularly hold that the petition to the Tax Court bars a subsequent suit in the district court. See, e.g., Solitron Devices, Inc. v. United States, 862 F.2d at 849; United States v. Wolf, 238 F.2d 447, 451 (9th Cir. 1956); Elbert v. Johnson, 164 F.2d at 424.

## B. Mitigation of Effects of Limitations

9

In certain instances, the effects of the statute of limitations may be mitigated.[2]  26 U.S.C. §§ 1311-14.  While these mitigation provisions are remedial and should be given a liberal interpretation, the party invoking them has the burden of showing that mitigation is permitted.  O'Brien v. United States, 766 F.2d 1038, 1042 (7th Cir. 1985) (citing Olin Mathieson Chem. Corp. v. United States, 265 F.2d 293, 296 (7th Cir. 1959)).

Section 1311(a) allows for the correction of certain types of errors:

> **General rule**. -- If a determination (as defined in section 1313) is described in one or more of the paragraphs of section 1312 and, on the date of the determination, correction of the effect of the error referred to in the applicable paragraph of section 1312 is prevented by the operation of any law or rule of law, other than this part and other than section 7122 (relating to compromises), then the effect of the error shall be corrected by an adjustment made in the amount and in the manner specified in section 1314.

26 U.S.C. § 1311(a).  Section 1313 defines "determination" to include "a decision by the Tax Court or a judgment, decree, or other order by any court of competent jurisdiction, which has become final."  26 U.S.C. § 1313.  The Kosses claim the Tax Court's decision to value the shares at $110,000 and the 1974 tax

---

[2]Though this point is by no means clear, we will assume without deciding that, notwithstanding the Kosses' failure to pay the 1974 tax assessment in full, and notwithstanding their institution of the Tax Court proceeding for that year, if the mitigation provisions were by their terms applicable here, we could apply them to grant the Kosses relief.  In this regard, we note that the government's brief does not contend expressly that these procedural hurdles render the mitigation provisions inapplicable for 1974.

10

deficiency at $48,788.05 falls within this definition of "determination."

The Kosses contend that this determination further is described in section 1312(7)(A), which provides in relevant part:

> **(A) General rule.** -- The determination determines the basis of property, and in respect of any transaction on which such basis depends, or in respect of any transaction which was erroneously treated as affecting such basis, there occurred, with respect to a taxpayer described in subparagraph (B) of this paragraph, any of the errors described in subparagraph (C) of this paragraph.

26 U.S.C. § 1312(7)(A). They further contend that the determination resulted in an error described in section 1312(7)(C)(ii):

> **(C) Prior erroneous treatment.** -- With respect to a taxpayer described in subparagraph (B) of this paragraph --
>
> . . . .
>
> **(ii)** there was an erroneous recognition, or nonrecognition, of gain or loss . . . .

26 U.S.C. § 1312(7)(c)(ii). In particular, the Kosses argue that there was an erroneous nonrecognition of the loss of $110,000 on their 1977 return, and that this error was not rectifiable at the time of the determination due to the expiration of the statute of limitations in section 6511. Br. at 11-12.

The problem with this argument is that the error they specify was not due to the determination by the Tax Court of the 1974 basis of the shares. The nonrecognition in the 1977 return of the loss of the value of the shares was caused by the Kosses' failure to declare that they had any loss at all. Thus, if they had declared in their 1977 return the loss of the value of

11

securities (which they claimed to be worth $4,400), then the Tax Court's determination would have caused an error of nonrecognition of a loss of $110,000 less $4,400, or $105,600. In any event, this causal factor cannot help the Kosses, because section 1312(7)(A) does not describe an error that is caused by or is the result of a determination. O'Brien, 766 F.2d at 1043.

Section 1312(7)(A) requires that the error described in subparagraph (C) occur, not as a result of the determination, but "in respect of any transaction on which such basis depends, or in respect of any transaction which was erroneously treated as affecting such basis." A "transaction on which . . . basis depends" refers to "'the transaction in which the property was acquired, and the basis of the property at the time of disposition can be said to depend on [or is determined by] such transaction.'" O'Brien, 766 F.2d at 1043 n.5 (quoting United States v. Rushlight, 291 F.2d 508, 517 (9th Cir. 1961)).

In O'Brien, 766 F.2d 1038, the Court of Appeals for the Seventh Circuit faced similar issues. There, the taxpayer received shares of stock as a gift made in contemplation of death. The relevant estate filed an estate tax return in 1974 that valued the stock at about $215 per share. The IRS challenged this valuation, and the matter was litigated in the Tax Court. In 1975, the corporation at issue was liquidated, and the taxpayer reported the resulting capital gain on his 1975 federal income tax return predicated on a basis of $215 per share. The IRS did not dispute this 1975 return. In 1980, the Tax Court finally entered a stipulated order setting the value of

12

the stock at about $280 per share at the time of the original owner's death. In 1981, the taxpayer filed a refund claim for the overpayment of capital gains tax that was based on the lower basis figure, but the IRS denied the claim as untimely because more than three years had passed since the filing of the 1975 return and more than two years had passed since the taxpayer had paid the tax which he sought refunded. The taxpayer then filed a refund action in the district court and attempted to invoke the mitigation provisions involved in this case to avoid the statute of limitations bar. The Court of Appeals for the Seventh Circuit held that the mitigation provisions did not apply. Specifically, the court held that the error of overpayment of capital gains tax was not "in respect of" the transaction, which was the transfer of the shares by the taxpayer's father and his subsequent death. Id. at 1043. The court explained that this error occurred "'in respect of' the 1975 liquidation transaction and did not occur 'in respect of' the [father's] transfer and subsequent death." Id.

As the government points out, the error alleged here, the nonrecognition of loss resulting from the worthlessness of the stock in 1977, similarly was not "in respect of any transaction on which such basis depends." 26 U.S.C. §1312(7)(A). The basis of the shares in the determination depended on the transaction in which David Koss acquired them in 1974. The basis of the shares did not depend on their becoming worthless in 1977. Thus, the error in failing to recognize the shares' loss in value

13

did not occur "in respect of" their acquisition by David Koss in 1974.

The Kosses further argue that because the shares eventually became worthless, the basis of the shares also had to be adjusted downward according to 26 U.S.C. § 1016(a)(1) and, therefore, the loss of the value of the shares in 1977 was a transaction on which the basis of the property depended. Reply Br. at 7. We cannot accept this analysis, however, because it ignores the first part of section 1312(7)(A):

> The determination determines the basis of property, and in respect of any transaction on which such basis depends, . . . there occurred . . . any of the errors . . . .

26 U.S.C. § 1312(7)(A) (emphasis added). The determination did not purport to ascertain the basis of the shares for all time. It only sought to determine the basis of the shares in 1974 so that the Kosses' taxable income and tax liability for 1974 could be determined. Clearly, the basis of the shares in 1974 depends only on their value at the acquisition by the Kosses and not on the shares' subsequent loss in value in 1977. In addition, while the Kosses allege that they "reduced the basis of the Video stock in 1977 by $4,400," reply br. at 7, as required by Section 1016(a)(1), it is not clear that they did so, for they did not deduct this loss on the 1977 return, and section 1016(a)(1) refers only to a reduction in basis for losses "for which deductions have been taken by the taxpayer in determining taxable income for the taxable year or prior taxable years." 26 U.S.C. §1016(a)(1).

14

Finally, even if the Kosses' claim could satisfy the general rule of section 1311(a), they fail to meet the additional "[c]onditions necessary for adjustment" listed in section 1311(b).  Only the condition in section 1311(b)(1) is arguably applicable in this case:

> **(1) Maintenance of an inconsistent position.**
> -- Except in cases described in paragraphs (3)(B) and (4) of section 1312, an adjustment shall be made under this part only if --
>
> **(A)** in case the amount of the adjustment would be credited or refunded in the same manner as an overpayment under section 1314, there is adopted in the determination a position maintained by the Secretary, or
>
> **(B)** in case the amount of the adjustment would be assessed and collected in the same manner as a deficiency under section 1314, there is adopted in the determination a position maintained by the taxpayer with respect to whom the determination is made,
>
> and the position maintained by the Secretary in the case described in subparagraph (A) or maintained by the taxpayer in the case described in subparagraph (B) is inconsistent with the erroneous inclusion, exclusion, omission, allowance, disallowance, recognition, or nonrecognition, as the case may be.

26 U.S.C. § 1311(b)(1).  This condition is the heart of the mitigation provisions and serves to limit their application mostly to cases in which inconsistent tax treatment results in harsh results that cannot be rectified due to the expiration of the limitations period.  See O'Brien, 766 F.2d at 1041.

The Kosses assert that the IRS maintained inconsistent positions by arguing in its deficiency assertion, filed in 1980

15

and conclusively determined in 1990, that the basis of the shares in 1974 was $110,000 while also accepting the Kosses' 1977 return (filed in 1978) which did not declare a loss of the $110,000. We do not view these acts of the IRS as inconsistent. Although it may be true that the Kosses could not have known when filing their 1977 return that the shares were originally worth $110,000, and that they therefore had lost $110,000 in value, the fact remains that they did not declare a loss at all in their 1977 return. Consequently, the IRS accepted their 1977 return without notice that the shares were worthless. Surely, the IRS is not required to verify the value of the capital assets of all taxpayers each year to make sure they have not become worthless. Thus, its acceptance of the 1977 return that did not declare such a loss, at whatever value, is not inconsistent with its successful position in Tax Court that the shares had a basis of $110,000 to the Kosses in 1974.

The Kosses are correct in arguing that section 1311(b)(1) does not require the taxpayer to disclose the loss or the reason for the nonrecognition of loss in the return for the year of the error. Br. at 14. This claim, however, is not the issue. The issue is whether the IRS maintained inconsistent positions. The answer is that the IRS could not have maintained inconsistent positions because when the Kosses filed their 1977 return they did not declare that the shares became worthless in that year and, thus, they did not put the IRS on notice of that fact. If the shares had not been worthless in 1977, the Kosses would not have been allowed to recognize in their 1977 return any

16

loss or gain in value of the shares unless they disposed of them. Had they done so, their 1977 return would have been the same as the one they actually filed.

In sum, the Kosses' claims are barred either by the statute of limitations or by their failure to pay the full assessed tax, and the mitigation provisions regretfully offer them no relief. These claims were thus not within the district court's jurisdiction and were dismissed properly.

### C. Equitable Recoupment

The Kosses also brought a claim for equitable recoupment to offset the loss in the value of the shares. The district court concluded that it also did not have jurisdiction to entertain the equitable recoupment claim because it did not have jurisdiction over the other time-barred claims. Koss v. United States, No. 93-6965, slip op. at 5 (E.D. Pa. Dec. 21, 1994). Under United States v. Dalm, 494 U.S. at 608-10, 110 S.Ct. at 1368-69, equitable recoupment cannot be the sole basis of jurisdiction over claims for tax credit or refund. Thus, a court can consider an equitable recoupment claim only if it has jurisdiction on other grounds.

On appeal, the Kosses argue that although the 1977 tax year may be closed irrevocably due to the statute of limitations, the 1974 tax year, which was before the Tax Court, remains open and thus could be under the jurisdiction of the district court for purposes of equitable recoupment. Br. at 18. To that end, the Kosses state that they are not seeking here "to revive an untimely affirmative refund claim," but "to offset a timely claim

17

of the [IRS] for tax assessed" for the year 1974 relating to the stock. Br. at 19. But, as we discussed above, the Kosses' resort to the Tax Court deprived the district court of jurisdiction over the 1974 tax year. Thus, even if the 1974 tax year remained open, it would be open only for the Tax Court and not for the district court or any other court.

## III. CONCLUSION

We cannot close this opinion without making an additional observation. It is, of course, commonplace to note that the Internal Revenue Code is remarkably complicated. In this case, these complications have cost the Kosses dearly. Indeed, at oral argument we were told that their debt to the IRS now exceeds $300,000 because of the inclusion of interest. Yet it is very possible that, but for the operation of the non-substantive, highly technical procedural provisions that have been applied, they would not owe this money. We are disturbed by the harsh result. Perhaps the Kosses, under the unusually oppressive circumstances here, still may obtain administrative relief from the IRS, or some other authority. However, we have no alternative and are constrained to affirm the final judgment of the district court of December 21, 1994.