**Candace K. PECK, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civil No. 1:CV–96–2174.**

United States District Court,
M.D. Pennsylvania.

March 25, 1997.

Michael Cherewka, Harrisburg, PA, for Plaintiff.

Karl J. Fingerhood, U.S. Dept. of Justice, Tax Division, Washington, DC, Anne K. Fiorenza, United States Attorney's Office, Harrisburg, PA, for Defendant.

## *MEMORANDUM AND ORDER*

RAMBO, Chief Judge.

Before the court is Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. Defendant filed a brief in support of its motion on February 18, 1997. Plaintiff has not yet filed an opposing brief. Because the time for filing such a brief has expired, *see* M.D. Pa. Rule 7.6, the court will deem the motion to be ripe for disposition.

The background of this order is as follows: Plaintiff was the president and one third shareholder of P & H Die Casting and Machinery, Inc. ("P & H") until September 1987. As part of a reorganization of P & H in 1987, Plaintiff's ownership was reduced to 17% and she was voted out as the corporation's president by the new owners. She has held no other office or position of authority with the corporation since September 1987. The Internal Revenue Service ("IRS") subsequently notified Plaintiff that the payroll taxes for P & H had not been paid for the quarters ending September 30, 1987 through December 31, 1988. The IRS determined Plaintiff to be a responsible individual under Internal Revenue Code § 6672 (26 U.S.C. § 6672) and assessed $80,093.29 in penalties against her. On October 10, 1994, Plaintiff filed a claim for refund and request for abatement with the IRS. That request was denied by the IRS on December 16, 1994.

---

Through this action, Plaintiff seeks to abate all penalties assessed against her and a refund of all taxes and trust fund penalties. Additionally, Plaintiff seeks a determination by the court that Plaintiff is not a responsible individual under Internal Revenue Code § 6672.

The United States moves to dismiss the complaint on the ground that the court lacks subject matter jurisdiction over this case. Plaintiff alleges in the complaint that jurisdiction is conferred upon this court by 28 U.S.C. § 1346(a)(1) which provides that the district courts shall have original jurisdiction over:

> [a]ny civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws.

Under case law interpreting section 1346(a)(1), a plaintiff must pay the challenged taxes before bringing a refund suit. Without payment of the taxes, the district court lacks subject matter jurisdiction over the suit. *Flora v. United States,* 362 U.S. 145, 177, 80 S.Ct. 630, 647, 4 L.Ed.2d 623 (1960); *Koss v. United States,* 69 F.3d 705, 708 (3d Cir.1995); *Lampenfield v. I.R.S.,* 701 F.Supp. 90 (M.D.Pa.1988).

In the instant case, Plaintiff has not alleged that she has paid the taxes for which she seeks a refund. Moreover, the United States has submitted the affidavit of Michael Stumpo, an Advisor of Special Procedures in the Philadelphia office of the IRS. Stumpo states that computer records indicate Plaintiff has made no payments towards satisfaction of her assessment. Accordingly, this court is without jurisdiction over the assessment against her.

In accordance with the foregoing discussion, **IT IS HEREBY ORDERED THAT:**

1) Defendant's motion to dismiss is **GRANTED.**

2) The Clerk of Court is directed to close the file in this case.