NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3446
_____

LOUIS D. RUSCITTO; CAROL RUSCITTO,
                                        Appellants
v.

UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2-11-cv-00824)
District Judge: Honorable Joy Flowers Conti
_____

Submitted Under Third Circuit LAR 34.1(a)
November 17, 2015

Before:  AMBRO, HARDIMAN, and SLOVITER, *Circuit Judges*.

(Filed: November 23, 2015)

_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

HARDIMAN, *Circuit Judge*.

Louis and Carol Ruscitto appeal the District Court's summary judgment in favor of the Government, denying their claims for abatement and recovery of civil tax penalties assessed against Mr. Ruscitto. The Ruscittos also challenge the District Court's dismissal of Mrs. Ruscitto's claims alleging that the Government improperly used her portion of the couple's 2003 tax refund to satisfy Mr. Ruscitto's tax penalties. We will affirm.

I

In early 2005, A&L, Inc., a construction company owned by Louis Ruscitto, became financially distressed and entered into a surety agreement with Safeco Insurance Company. Under the terms of their agreement, Safeco acquired control of A&L's cash flow from the company's bonded projects, which amounted to approximately 75 percent of its total revenue. The surety's restrictions strained A&L's ability to satisfy its legal obligation to remit employment withholding taxes (also known as "trust fund taxes") to the Internal Revenue Service (IRS). Ultimately, A&L failed to remit trust fund taxes for three taxable quarters in 2005 and 2006, and as a result, the IRS assessed $389,986.44 in civil tax penalties under 26 U.S.C. § 6672 against Louis personally.

In 2009, Louis and Carol filed a joint amendment to their 2003 individual tax return. Their Form 1040X claimed a tax refund of $434,293 due to a net operating loss (NOL) carryback from tax year 2005 in the amount of $2,480,647. The Ruscittos did not receive the full amount of their claimed refund, however, because the IRS offset their

2

claim to satisfy Louis's penalties—satisfying his trust fund tax liability—and refunded

only the remaining amount ($89,226.51).

After unsuccessfully pursuing administrative remedies with the IRS, the Ruscittos

filed suit in the District Court seeking a refund of the offset amount and denying Louis's

culpability under 26 U.S.C. § 6672. In an amended complaint Carol asserted that she was

entitled to at least a portion of the offset amount as an "innocent" or "injured" spouse.

After a number of procedural twists, the District Court dismissed Carol's claims and

ordered summary judgment in favor of the Government as to Louis's tax liability. The

Court also held that Carol was not entitled to any portion of the 2003 refund as a matter

of law because the Ruscittos had "not met their burden of showing . . . that Carol Ruscitto

in any way contributed to the overpaid tax." App. 64, 70.[1]

## II

The Ruscittos first challenge the District Court's dismissal of Carol's injured

spouse claim on jurisdictional grounds and its summary judgment that she was not

entitled to a tax refund as a matter of law. Jurisdiction over a taxpayer suit seeking

"recovery of any internal revenue tax . . . or of any penalty claimed to have been

---

[1] The District Court had jurisdiction of Louis's claims under 26 U.S.C. §§ 6532 and 7422 and 28 U.S.C. § 1346. The parties contest jurisdiction over Carol's claims because these statutes make a timely filed administrative claim jurisdictional and Carol did not present her administrative claim until after the Ruscittos filed their complaint. We have appellate jurisdiction under 28 U.S.C. § 1291. Our review of both the District Court's dismissal order and its summary judgment is plenary, and we apply the same standard that the District Court did when deciding the respective motions. *See, e.g.*, *Byers v. Intuit, Inc.*, 600 F.3d 286, 291 (3d Cir. 2010).

collected without authority" requires the taxpayer to present a timely claim to the IRS. *See* 26 U.S.C. § 7422(a); *United States v. Dalm*, 494 U.S. 596, 601–02 (1990); *Koss v. United States*, 69 F.3d 705, 707–08 (3d Cir. 1995).

The District Court dismissed Carol's injured spouse claim because of her failure to file a Form 8379 with the IRS specifying the basis of her right to relief within the three-year time limit of 26 U.S.C. § 6511(a). Before the District Court, the Ruscittos argued (as they do on appeal) that they actually had seven years under 26 U.S.C. § 6511(d) because Carol's claim arose from a net operating loss due to "bad debts and/or worthless securities." App. 40. They further argued that because Carol's claim relied on the existence of the joint refund claimed in their Form 1040X, the limitations period did not begin to run until the filing of their return for tax year 2005, which gave rise to the NOL carryback. The District Court considered these arguments but found them waived and unsupported by the allegations in the Ruscittos' amended complaint. Nor was the Court persuaded on the merits because "[f]rom the face of the Injured Spouse allocation Form 8379," the Ruscittos sought relief "only from 2003 tax year," making Carol's claim filed in October 2012 untimely even under the seven-year limitations period. App. 40–41.

Based on our review of the record, we perceive no error in the District Court's dismissal of Carol's injured spouse claim. And even if Carol's Form 8379 were considered timely, the Government would still be entitled to summary judgment because the couple failed to satisfy their burden of establishing Carol's independent contribution to any tax overpayment. "Under [26 U.S.C. § 6402(a)], a refund may only be obtained by

4

the taxpayer who made the overpayment." *Delaune v. United States*, 143 F.3d 995, 1006 (5th Cir. 1998). "Spouses who file a joint return have *separate* interests in any overpayment, the interest of each depending on his or her relative contribution to the overpaid tax." *United States v. Elam*, 112 F.3d 1036, 1038 (9th Cir. 1997) (citing *Gordon v. United States*, 757 F.2d 1157, 1160 (11th Cir. 1985); *Rosen v. United States*, 397 F. Supp. 342, 343 (E.D. Pa. 1975); Rev. Rul. 74-611, 1974-2 C.B. 399). The sole evidence Carol presented to the District Court as to her tax payments in 2003 was $87,303.62 in cancelled commercial debts, which the Ruscittos characterize as taxable income. Taxable income, however, is distinct from income used to pay taxes: the former creates tax liability, while the latter dissolves it. As the Ruscittos identify no other evidence establishing that Carol actually contributed to the couple's 2003 overpayment,[2] the District Court did not err in entering summary judgment against her.

III

The Ruscittos also challenge the District Court's summary judgment against Louis concerning the trust fund tax penalties assessed against him under 26 U.S.C. § 6672. The statute authorizes the IRS to assess penalties only against "responsible person[s]" who "willfully" fail to remit trust fund taxes. *See, e.g.*, *Greenberg v. United States*, 46 F.3d 239, 242–43 (3d Cir. 1994). Louis, who was A&L's President and Chief Executive

---

[2] The Ruscittos also assert that Carol had over $25,000 in 2003 earnings from her business activities. As the Government observes, the documents cited by the Ruscittos indicate that those earnings occurred in 2004.

Officer, does not contest his status as a responsible person on appeal, but argues that he was not willful because Safeco controlled all of A&L's finances under the surety agreement. He further argues that a genuine dispute as to whether A&L had adequate unencumbered funds with which to satisfy its trust fund tax obligations precluded the District Court from entering summary judgment.

The District Court found that A&L and Safeco's surety agreement did not preclude Louis's willfulness as a matter of law because "it is undisputed that payments made by A&L were approved by Louis Ruscitto, that employee wages were 'always paid[,]' and A&L paid other expenses and utilities that Safeco did not cover." App. 60. And Louis conceded that A&L used revenue from unbonded projects "not tied up by Safeco" to keep its bonded projects running. App. 374. Finally, the Ruscittos do not contest the District Court's finding that Louis "knew that taxes were not being paid, or recklessly disregarded the fact that they were not being paid." App. 60.

Willfulness under 26 U.S.C. § 6722 "means a voluntary, conscious[,] and intentional decision to prefer other creditors over the Government." *Quattrone Accountants, Inc. v. IRS*, 895 F.2d 921, 927–28 (3d Cir. 1990). There is no genuine dispute that A&L, with Louis's knowledge and authorization, paid other creditors instead of remitting its trust fund taxes to the IRS. Accordingly, the District Court's summary judgment was proper. We find the Ruscittos' unencumbered funds argument unpersuasive because taxpayers bear the burden of showing that "*all potentially available funds* were encumbered." *Honey v. United States*, 963 F.2d 1083, 1087 (8th Cir. 1992)

6

(emphasis added). The record in this case negates the possibility that the Ruscittos could satisfy this evidentiary burden.

*　　*　　*

For the reasons stated, we will affirm the District Court's judgment.