**Sharon GIBSON–DICKSON, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 06–476C.**

United States Court of Federal Claims.

Jan. 25, 2007.

Sharon Gibson–Dickson, Hillside, New Jersey, pro se.

Meredyth D. Cohen, with whom were Peter D. Keisler, Assistant Attorney General, David M. Cohen, Director, and Deborah A. Bynum, Assistant Director, United States Department of Justice, Commercial Litigation Branch, Civil Division, Washington, D.C., for Defendant.

*OPINION AND ORDER*

WHEELER, Judge.

This case is before the Court on Defendant's motion to dismiss for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims (RCFC). For the reasons explained below, Plaintiff's claim is barred by the statute of limitations in 28 U.S.C. § 2501, and Defendant's motion is GRANTED.

*Background*

*Pro se* Plaintiff Sharon Gibson–Dickson filed a Complaint on June 22, 2006 seeking $200,000 allegedly owed to her by the Unit-

ed States Department of Housing and Urban Development (HUD). Her Complaint consists of a one-page document with 33 attachments, most of which is Ms. Gibson–Dickson's correspondence with HUD representatives and Congressman Donald M. Payne of New Jersey between February 2000 and June 2006. The apparent basis of the Complaint is that HUD entered into a home mortgage forbearance agreement of a fraudulent nature. Specifically, Ms. Gibson–Dickson claims that her late husband forged her signature on a HUD contract without her knowledge or consent, thereby enrolling her home mortgage in a 36–month forbearance program. The attachments to Plaintiff's Complaint refer to the resulting adverse effect on her credit rating and stress-related illnesses. *See, e.g.,* Complaint at 2, 4.

Defendant moves to dismiss for lack of jurisdiction on grounds that Plaintiff has alleged a tort outside the scope of this Court's jurisdiction, and that the applicable statute of limitations has expired.

### Standard for Decision

Plaintiff, as the party "seeking the exercise of jurisdiction has the burden of establishing that such jurisdiction exists." *Simmons v. United States,* 71 Fed.Cl. 188, 190 (2006) (citing *Rocovich v. United States,* 933 F.2d 991, 993 (Fed.Cir.1991)). In deciding whether Ms. Gibson–Dickson has met this burden, the Court must accept the allegations in her Complaint as true and must draw all reasonable inferences in her favor. *Id.* (citing *Henke v. United States,* 60 F.3d 795, 797 (Fed.Cir.1995)). Furthermore, because Ms. Gibson–Dickson is without the assistance of counsel in this matter, the Court will not hold her pleading to the same "exacting standards" applied to formal pleadings drafted by lawyers. *See Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). The Court's leniency, however, does not extend to the requirement for jurisdiction. *See Biddulph v. United States,* 74 Fed.Cl. 765, 767, 2006 WL 3821840, *2 (2006) ("a court may not similarly take a liberal view of [a] jurisdictional requirement and set a different rule for *pro se* litigants only."). Therefore, while the burden remains on Plaintiff to establish jurisdiction, if the facts reveal any possible basis on which Ms. Gibson–Dickson may prevail, the Government's motion to dismiss must be denied. *See Simmons,* 71 Fed. Cl. at 191 (citing *Gajic–Stajic v. United States,* 36 Fed.Cl. 422, 423 (1996)).

### Discussion

#### A. Statute of Limitations

Assuming that the Court has subject matter jurisdiction over the sort of claim described in Plaintiff's Complaint, the Court must be satisfied that Plaintiff has timely filed her claim. By statute, the Court of Federal Claims cannot decide cases filed beyond a six-year limitations period. Congress imposed this restriction on the Court in 28 U.S.C. § 2501, which provides, "Every claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the [Complaint] is filed within six years after such claim first accrues." Here, Plaintiff filed her Complaint on June 22, 2006, and therefore she must establish by a preponderance of the evidence that her claim first accrued on or after June 22, 2000. *See Entines et al. v. United States,* 39 Fed.Cl. 673, 678 (1997). *See also Alder Terrace, Inc. v. United States,* 161 F.3d 1372, 1377 (Fed.Cir. 1998) (Plaintiff bears the burden of establishing the timeliness of her claim).

The accrual of a claim is measured by the occurrence of events that entitle a plaintiff to sue a defendant in court. This rule has been stated innumerable times by this Court and by the United States Court of Appeals for the Federal Circuit. *See, e.g., Mola Development Corp. v. United States,* 74 Fed.Cl. 528, 539, 2006 WL 3717344, *12 (2006) ("A claim first accrues for purposes of 28 U.S.C. § 2501 when all the events have occurred which fix the liability of the Government and entitle the claimant to institute an action. [A] cause of action against the Government has 'first accrued' only when all the events which fix the government's alleged liability have occurred and the plaintiff was or should have been aware of their existence.") (citations omitted).

Significantly, while a plaintiff must have some awareness of the Government's alleged wrongful actions, a plaintiff "is not required to know all of the facts, or of the causes of

action, before the statute [of limitations] begins to run." *Simmons,* 71 Fed.Cl. at 191 (citing *Fallini v. United States,* 56 F.3d 1378, 1380 (Fed.Cir.1995)). Indeed, the United States Supreme Court has stated:

> Whatever is notice enough to excite attention and put the party on his guard and call for inquiry, is notice of every thing to which such inquiry might have led. When a person has sufficient information to lead him to a fact, he shall be deemed conversant of it. The presumption is that if the party affected by any fraudulent transaction or management might, with ordinary care and attention, have seasonably detected it, he seasonably had actual knowledge of it. A party seeking to avoid the bar of the statute on account of fraud must aver and show that he used due diligence to detect it, and if he had the means of discovery in his power, he will be held to have known it.

*Wood v. Carpenter,* 101 U.S. (11 Otto) 135, 141, 25 L.Ed. 807 (1879) (citations omitted).

### B. *Plaintiff's Allegations*

With the above standards in mind, the Court turns to the allegations in Plaintiff's Complaint. As it must, the Court assumes the truth of Plaintiff's statements that she was aware of the alleged forgery of her signature in 2000. For example, in an April 26, 2006 letter to the credit-monitoring companies Equifax, Tran[s]Union, and Experian, Plaintiff wrote, "I have been trying to get HUD to admit [ ] wrongdoing since 2000." Complaint at 4. In a letter to HUD dated April 24, 2006, with greater specificity, Plaintiff wrote, "You let my deceased husband forged [sic] my signature and I had to pay for it. . . . I have been trying to get help from HUD since I found out what he did in 2000." *Id.* at 5. In a March 14, 2006 letter to Congressman Payne, Plaintiff again stated that she had "been trying to get help from HUD and [from] your office since 2000." *Id.* at 6. Corroborating Ms. Gibson–Dickson's state-

ments from 2006 are statements she made in earlier correspondence. In a February 22, 2000 letter to HUD, for example, Plaintiff inquired, "I would like to know when and how my home became a property of HUD?" *Id.* at 37. Presumably referring to the forbearance agreement, Plaintiff asked HUD whether there were "any papers that had to be signed by myself and my deceased husband?"[1] *Id.*

In light of the information in the Complaint, the Court concludes that Plaintiff was aware of the facts underlying her claim at least as early as February 22, 2000. By that date, the alleged forgery had occurred, and HUD had undertaken to honor the allegedly fraudulently entered forbearance agreement. Plaintiff's correspondence shows that she was certainly "on [her] guard and call for inquiry" regarding the status of her home mortgage. *Wood,* 101 U.S. at 141. Accordingly, by February 2000, Plaintiff's claim had accrued and the six-year statute of limitations had begun to run. However unfortunate the outcome, the six-year limitations period in 28 U.S.C. § 2501 has expired, and this Court is barred from considering the merits of Ms. Gibson–Dickson's claims.

### Conclusion

The six-year statute of limitations is "a jurisdictional requirement for a suit in the Court of Federal Claims." *John R. Sand & Gravel Co. v. United States,* 457 F.3d 1345, 1354 (Fed.Cir.2006). The Court is without authority to decide Ms. Gibson–Dickson's claim. Plaintiff's Complaint therefore is DISMISSED.

IT IS SO ORDERED.

---

1. Elsewhere in the documents submitted by Plaintiff, it appears that her home originally was enrolled in the forbearance program in 1998, and that Ms. Gibson–Dickson continued the term of enrollment that same year. *See* Complaint at 31.