Russell F. GUSTAFSON,
et al., Plaintiffs,

v.

The UNITED STATES, Defendant.

No. 92–217T.

United States Court of Federal Claims.

Jan. 12, 1993.

**452**

Thomas F. Joyce, Chicago, IL, for plaintiffs.

Elizabeth D. DePriest, with whom was Acting Asst. Atty. Gen., James A. Bruton, Washington, DC, for defendant.

## OPINION

ANDEWELT, Judge.

In this tax refund action, plaintiffs, Russell F. and Barbara B. Gustafson, seek an income tax refund of $21,572 for tax year 1986. This action is presently before the court on defendant's motion to dismiss the complaint pursuant to RCFC 12(b)(1) for lack of subject matter jurisdiction. For the reasons set forth below, defendant's motion is granted.[1]

### I.

The instant action centers on a monetary settlement of $54,813 in back pay and $54,813 in liquidated damages that plaintiff Russell F. Gustafson received from United Airlines in 1986 in an age discrimination suit brought under the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 621 *et seq.* In reporting their income for tax year 1986, plaintiffs included as income subject to federal income tax the back pay portion of the settlement, but did not include the liquidated damages portion. In a notice of deficiency dated August 2, 1989, the Internal Revenue Service (IRS) challenged plaintiffs' failure to report as income the liquidated damages portion of the settlement. On September 22, 1989, plaintiffs filed a timely petition in the United States Tax Court contesting this notice of deficiency. Ultimately, plaintiffs and the IRS reached an agreement, and on January 3, 1990, based on the parties' stipulation, the Tax Court entered a decision that provided that "there is no deficiency in income tax due from, nor overpayment due to, the petitioners for the taxable year 1986."

On or about August 1, 1990, plaintiffs filed an amended federal income tax return for tax year 1986 in which plaintiffs sought a refund of $21,572. In their refund claim, plaintiffs alleged that in their 1986 tax return, they erroneously classified the back pay portion of the 1986 settlement as income subject to income tax. However, the

---

1. *Defendant alternatively seeks dismissal of the complaint pursuant to RCFC 12(b)(4) for failure to state a claim upon which relief can be granted. Defendant contends that a previous decision of the United States Tax Court, discussed* infra, *bars plaintiffs' instant refund action under the doctrine of res judicata. While there is case law supporting defendant's res judicata argument, see, e.g., Prizer v. United States, 11 Cl.Ct. 184, 187 (1986), before applying res judicata, this court would require additional briefing ad-* dressing the extent to which plaintiffs, in their previous Tax Court action, could have raised the tax issues that underlie the instant action. However, because this court concludes that, in any event, it lacks jurisdiction over the instant action, the court will not ask the parties to expend the additional resources required for further briefing. Hence, the court will dismiss plaintiffs' complaint for lack of jurisdiction and will not reach the res judicata issue.

IRS did not grant plaintiffs' requested refund, and on March 30, 1992, plaintiffs filed the instant complaint. Plaintiffs allege therein that subsequent to the Tax Court's January 3, 1990, decision, the Courts of Appeals for the Third, Sixth, and Ninth Circuits each held that pursuant to 26 U.S.C. § 104(a)(2), back pay damages awarded in ADEA actions are excludable from income for federal income tax purposes. Plaintiffs ask this court to apply this same approach herein and to order the resulting tax refund. Defendant has responded with the instant motion to dismiss.

## II.

Defendant bases its contention that this court lacks subject matter jurisdiction over plaintiffs' refund claim for tax year 1986 on 26 U.S.C. § 6512, entitled "Limitations in case of petition to Tax Court." Section 6512(a) provides:

(a) **Effect of petition to Tax Court.**— If the Secretary has mailed to the taxpayer a notice of deficiency under section 6212(a) (relating to deficiencies of income, estate, gift, and certain excise taxes) and if the taxpayer files a petition with the Tax Court within the time prescribed in section 6213(a) (or 7481(c) with respect to a determination of statutory interest or section 7481(d) solely with respect to a determination of estate tax by the Tax Court), no credit or refund of income tax for the same taxable year, of gift tax for the same calendar year or calendar quarter, of estate tax in respect of the taxable estate of the same decedent, or of tax imposed by chapter 41, 42, 43, or 44 with respect to any act (or failure to act) to which such petition relates, in respect of which the Secretary has determined the deficiency shall be allowed or made and no suit by the taxpayer for the recovery of any part of the tax shall be instituted in any court except—

(1) As to overpayments determined by a decision of the Tax Court which has become final; and

(2) As to any amount collected in excess of an amount computed in accordance with the decision of the Tax Court which has become final; and

(3) As to any amount collected after the period of limitation upon the making of levy or beginning a proceeding in court for collection has expired; but in any such claim for credit or refund or in any such suit for refund the decision of the Tax Court which has become final, as to whether such period has expired before the notice of deficiency was mailed, shall be conclusive, and

(4) As to overpayments attributable to partnership items, in accordance with subchapter C of chapter 63.

Defendant contends that since plaintiffs filed a petition in the Tax Court concerning tax year 1986, Section 6512(a) bars plaintiffs from instituting the instant action covering the same tax year. Upon review of the statutory language, defendant's position appears correct. The three prerequisites necessary for triggering a bar under Section 6512(a) are present here: (1) on August 2, 1989, the Secretary mailed plaintiffs a notice of deficiency under Section 6212(a) alleging income tax deficiencies for tax year 1986; (2) plaintiffs filed a petition with the Tax Court contesting the notice of deficiency within the time period prescribed in Section 6213(a); and (3) none of the four exceptions listed in Section 6512(a) applies. The bar that results under Section 6512(a) precludes a taxpayer from instituting in "any court" a suit in which the taxpayer seeks "the recovery of any part of the tax" for the same taxable year with respect to which the Secretary has determined the deficiency, *i.e.*, where income tax is involved, Section 6512(a) bars any suit to recover any part of the income tax for the tax year covered in the IRS's deficiency notice and the taxpayer's petition in the Tax Court. *Solitron Devices, Inc. v. United States*, 16 Cl.Ct. 561, 567 (1989) ("Thus, [Section 6512(a)] prevents a taxpayer from instituting any action in 'any court' after litigating that [tax] year in Tax Court"); *see also Erickson v. United States*, 159 Ct.Cl. 202, 216, 309 F.2d 760, 767–68 (1962). Since plaintiffs herein seek to recover part of the taxes they paid for

tax year 1986, the same tax year covered in the Secretary's deficiency notice and in plaintiffs' petition in the Tax Court, the bar in Section 6512(a) applies, and this court lacks jurisdiction to entertain the instant refund claim.

### III.

Plaintiffs present two distinct arguments to avoid the apparent statutory prohibition against their bringing the instant tax refund suit. Ultimately, however, neither argument is convincing.

Plaintiffs' first argument rests on a notice the IRS sent to plaintiffs concerning their tax filings for tax year 1986. Although plaintiffs supplied the court with an undated copy of this notice, plaintiffs allege that the notice was dated on or about October 14, 1989, 22 days after plaintiffs filed in the Tax Court their petition contesting the IRS's August 2, 1989, notice of deficiency. The October 14 notice states, in pertinent part:

> Thank you for furnishing more information to explain the income/deductions we recently wrote you about. We are pleased to tell you that we were able to clear up the discrepancy.
>
> On the basis of this information, we have reconsidered your tax liability for [tax year 1986] and are accepting your return as filed. Any payment you may have made, based on our proposed changes, will be refunded to you if you owe no other taxes or legal obligations for which we are required to collect payment.
>
> Please disregard any notice of proposed changes or notice of deficiency you may have already received. You will not need to file a petition with the United States Tax Court for reconsideration of your tax liability.

Plaintiffs label this notice as a "Closure Letter" and contend, in effect, that this letter retracted the IRS's earlier notice of deficiency and eliminated the then-existing dispute between the IRS and plaintiffs over plaintiffs' tax liability for tax year 1986. Plaintiffs assert that after issuance of the "Closure Letter," the parties simply sought to give effect to the letter by exchanging the documents necessary to secure a stipulated dismissal of plaintiffs' Tax Court action. Plaintiff argues that it would be improper to foreclose the instant action based on the "fortuitous crossing in the mail of [plaintiffs'] Tax Court petition and the IRS's dilatory Closure Letter."

Plaintiffs' argument potentially has considerable equitable appeal. The IRS apparently could have sent the "Closure Letter" earlier. Moreover, there is no suggestion that in resolving the dispute in the Tax Court either the parties or the Tax Court ever considered the question of the taxability of the liquidated damages portion of the 1986 settlement. In addition, it appears that plaintiffs may have believed that in entering the stipulation after receiving the "Closure Letter," they were doing no more than returning their tax situation to the *status quo ante* that existed prior to their receiving the original notice of deficiency. But the deficiency in plaintiffs' argument is that Section 6512(a) does not permit this court to base its decision on equitable considerations. The wording of the statute is unambiguous—it bars a taxpayer from instituting a refund suit in "any court" after the taxpayer files a petition for the same tax period in the Tax Court, unless one of the four listed exceptions applies. None of these four specific exceptions covers the situation where, *after* a taxpayer files a petition in the Tax Court, the IRS, in effect, informs the taxpayer that the IRS's prior notice of deficiency was erroneous. Thus, in applying Section 6512(a), it is irrelevant that plaintiffs would not have filed a Tax Court petition had they previously received the "Closure Letter." It is also irrelevant that the Tax Court decision resulted from a stipulation of the parties and that neither the parties nor the Tax Court considered the taxability of liquidated damages. The important point here is that plaintiffs did file a Tax Court petition which brought plaintiffs within the literal scope of Section 6512(a). The wording of the statute simply does not grant this court the authority to evaluate the equities and, based on that evaluation, to treat plaintiffs as though they had never filed a Tax Court

**455**

petition. *See, e.g., Elbert v. Johnson,* 164 F.2d 421, 424 (2d Cir.1947), "[i]t is not the decision which the Tax Court makes but the fact that the taxpayer has resorted to that court which ends his opportunity to litigate in [another court] his taxability for the year in question."[2]

Plaintiffs cite *Morse v. United States,* 494 F.2d 876 (9th Cir.1974), and *Lakovich v. IRS,* 80–1 U.S.Tax Cas., 1980 WL 1532 (CCH) 9366 (D.Colo.1980), to support their argument that the Court of Federal Claims can weigh the equities when applying Section 6512(a). But these cases do not stand for any such broad proposition. Rather, these cases merely involve the interpretation of two of the four exceptions specifically contained in Section 6512(a)—*Morse* applies the first exception and *Lakovich* applies the second exception.[3] Here, plaintiffs have not alleged that any of the four exceptions listed in Section 6512(a) apply, and, indeed, none applies. Thus, plaintiffs are bound by the unambiguous language of Section 6512(a) which bars the present suit.

## IV.

Plaintiffs' second argument to support this court's jurisdiction over the instant action focuses on the decisions of the Courts of Appeals for the Third, Sixth, and Ninth Circuits, which plaintiffs mention in their complaint. In those decisions, the circuit courts each held that pursuant to 26 U.S.C. § 104(a)(2), back pay damages awarded in a discrimination suit under the ADEA are excludable from income for federal income tax purposes. These decisions were all issued subsequent to the date on which the Tax Court issued its decision on plaintiffs' petition, and plaintiffs contend that these decisions constitute a "retroactive change in the law" which this court is obliged to apply when determining plaintiffs' tax liability for tax year 1986.

In response, there was no "change in the law" subsequent to the Tax Court's decision on plaintiffs' petition, much less a "retroactive change in the law." The Courts of Appeals for the Third, Sixth, and Ninth Circuits did not, and indeed lacked the authority to, "change ... the law." Rather, in their respective decisions, the circuit courts merely interpreted the pertinent provisions of the ADEA and 26 U.S.C. § 104(a)(2), which remained unchanged from the time plaintiffs brought their Tax Court action. Moreover, plaintiffs' "change in the law" argument, like its "Closure Letter" argument, rests in equity and asks this court to ignore the unambiguous wording of Section 6512(a). There simply is no language in Section 6512(a) suggesting that another court's decision issued subsequent to a Tax Court decision will have any effect on the statute's unequivocal bar on taxpayer suits.

Thus, when the unambiguous wording of Section 6512(a) is applied to the facts of this case, the statute bars plaintiffs from bringing suit in "any court," including the Court of Federal Claims, to recover any income taxes paid for tax year 1986.

---

**2.** Section 6212(d) authorizes the Secretary, with the taxpayer's consent, to rescind a notice of deficiency but reaches only those situations where no Tax Court petition has been filed. Section 6212(d) provides that upon such rescission, "the taxpayer shall have no right to file a petition with the Tax Court based on such notice." Section 6212(d) does not, by its terms, deprive the Tax Court of jurisdiction where a petition previously had been filed. *See* Michael I. Saltzman, *IRS Practice and Procedure* ¶ 10.-03[2][a][iii] (2d ed. 1991); *Mertens Law of Fed. Income Tax* § 49C.34 at 56, citing Rev.Proc. 88–17, 1988–1 C.B. 692 (the IRS will not rescind a notice of deficiency if "[t]he taxpayer has filed a petition with (or mailed a petition to) the Tax Court ...").

**3.** Moreover, plaintiffs' reliance on *Lakovich* is misplaced because the district court subsequently reconsidered and changed that decision. The district court's subsequent analysis strongly supports defendant's interpretation of Section 6512(a) herein. In its subsequent decision, the district court stated:

[T]he Court's research has not revealed any persuasive authority which directly supports our prior ruling. The law in the area generally indicates that once a claim for refund involving a tax year has been pursued in the Tax Court, no further claims of any kind may be brought in regard to that tax year in the District Courts.

*Lakovich v. IRS,* No. 79–F–226, slip op. at 1 (D.Colo. March 18, 1980) (order granting motion for partial summary judgment).

## CONCLUSION

For the reasons set forth above, this court concludes that Section 6512(a) bars the instant action. Accordingly, defendant's motion to dismiss is granted, and the Clerk of the Court is directed to dismiss the complaint. No costs.

IT IS SO ORDERED.