**Milan GAJIC–STAJIC and, Bozana Gajic–Stajic, Plaintiffs,**

v.

**The UNITED STATES, Defendant.**

No. 94–994.

United States Court of Federal Claims.

Aug. 21, 1996.

Milan Gajic–Stajic and Bozana Gajic–Stajic, Chicago, IL, pro se plaintiffs.

Robert N. Dorosin, Washington, DC, with whom were Loretta C. Argrett, Assistant Attorney General, and Mildred L. Seidman, Chief of the Court of Federal Claims Section, Tax Division, United States Department of Justice, for defendant. Steven I. Frahm, Senior Trial Attorney, United States Department of Justice, Washington, DC, was of counsel.

## OPINION

SMITH, Chief Judge.

This matter is before the court on the defendant's motion to dismiss. Defendant

claims that this court lacks jurisdiction under RCFC 12(b)(1) and (4), and by the doctrine of *res judicata.* After considering the parties' briefs and relevant law, the court hereby GRANTS the defendant's motion to dismiss.

## FACTS

On April 15, 1988, plaintiffs timely filed their 1987 federal income tax return. On July 8, 1991, the Commissioner of Internal Revenue issued a statutory notice of deficiency in the amount of $3,294 against plaintiffs for the 1987 tax year. On September 16, 1991, plaintiffs filed a timely petition in the United States Tax Court, challenging the Commissioner's decision.

On April 7, 1993, the Tax Court entered a decision, stipulated to by the parties, that there was a deficiency due from plaintiffs in the amount of $3,294 for their 1987 tax year. The decision of the Tax Court became final on July 7, 1993, as no appeal was filed.

On June 25, 1993, the Internal Revenue Service (IRS) assessed the tax deficiency, plus interest. The plaintiffs fully paid the assessed taxes and interest on July 6, 1993. On August 11, 1993, the plaintiffs filed an amended income tax return to obtain a refund of the amounts paid.

By letter of May 11, 1994, the IRS proposed full disallowance of plaintiffs' claim for refund. On July 25, 1994, the IRS issued a statutory notice of claim disallowance with respect to plaintiffs' claim for refund.

On November 8, 1994, the plaintiffs filed a complaint with this court seeking a tax refund. The defendant filed a motion to dismiss arguing that this claim is barred by the courts lack of jurisdiction under 26 U.S.C. § 6512, and the doctrine of *res judicata.* In response, the plaintiffs argue that because this complaint is separate from the petition filed in the Tax Court, 26 U.S.C. § 6512 and the doctrine of *res judicata* are not applicable.

## DISCUSSION

### 1. Motion to Dismiss.

 When evaluating a motion to dismiss for subject matter jurisdiction pursuant to RCFC 12(b)(1), the allegation of the complaint should be construed favorably to the pleader, *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974), to the end that the court must accept as true the facts alleged in the complaint. *Reynolds v. Army & Air Force Exch. Serv.,* 846 F.2d 746, 747 (Fed.Cir.1988). If in a motion to dismiss for lack of jurisdiction the facts reveal any possible basis on which the non-movant may prevail, the motion must be denied. *Scheuer,* 416 U.S. at 236, 94 S.Ct. at 1686, 40 L.Ed.2d 90. However, the burden is on plaintiff to establish jurisdiction. *Reynolds,* 846 F.2d at 748 (citing cases).

### 2. The Statutory Bar to Jurisdiction.

 The defense contends that 26 U.S.C. § 6512(a), precludes this court from exercising jurisdiction over this claim. The statute provides,

> If the secretary has mailed to the taxpayer a notice of deficiency under section 6212(a)[1] (relating to deficiencies of income, estate, gift, and certain excise taxes) and if the taxpayer files a petition with the Tax Court within the time prescribed in section 6213(a)[2], no credit or refund of income tax for the same taxable year ... in respect to any act (or failure to act) to which such petition relates, in respect of which the Secretary has determined the deficiency shall be allowed or made and no suit by the taxpayer for the recovery of any part of the tax shall be instituted in any court. ...

The statute provides four exceptions to this rule,

> (1) As to overpayments determined by a decision of the Tax Court which has become final; (2) as to any amount collected in excess of an amount computed in accor-

---

**1.** 26 U.S.C. § 6212(a) authorizes the Secretary to send notice of such deficiency to the taxpayer by certified or registered mail when the Secretary determines that there is a deficiency.

**2.** 26 U.S.C. § 6213(a) allows a petition to be filed with the Tax Court within 90 days, or 150 days if notice is addressed to a person outside the United States, after the notice of deficiency authorized under § 6212 has been mailed.

424

dance with the decision of the Tax Court which has become final; (3) as to any amount collected after the period of limitations upon making of levy or beginning a proceeding in court for collection has expired; but in any such claim for credit or refund or in any such suit for refund the decision of the Tax Court which has become final, as to whether such period has expired before the notice of deficiency was mailed shall be conclusive; and (4) as to overpayments attributed to partnership items, in accordance with subchapter C of chapter 63.

In the case before us, the petition to the Tax Court was based on a deficiency for the 1983 tax year and not an overpayment. The mailings and proceedings by the IRS were of a timely nature and the plaintiffs are classified as an individual under chapter 63. The defendant concludes that the present claim does not fall within any of the above exceptions.

In response, the plaintiffs argue that the petition to the Tax Court was for a deficiency, whereas the present claim is for a disallowed refund. Thus, the two claims, in plaintiffs' view, are of a different nature which makes 26 U.S.C. § 6512 inapplicable.

■ The defendant correctly contends that 26 U.S.C. § 6512(a) precludes this court from exercising jurisdiction over the complaint. Once the Tax Court's jurisdiction attaches, jurisdiction "extends to the entire subject of the correct tax for the particular tax year." *See Estate of Akin*, 31 Fed.Cl. 89, 97 (1994) (citing *Erickson v. United States*, 159 Ct.Cl. 202, 216, 309 F.2d 760, 767–68 (1962)). Section 6512(a) does not allow a taxpayer to institute any action in any court after litigating the specific tax year in Tax Court. *Id.* at 98 (citing *Solitron Devices v. United States*, 16 Cl.Ct. 561 (1989)). Similarly, this court found in *Gustafson v. United States*, 27 Fed.Cl. 451, 453 (1993) that "section 6512(a), precludes a taxpayer from instituting in any court a suit in which the taxpayer seeks the recovery of any part of the tax for the same taxable year with respect to which the Secretary has determined the deficiency." *Id.* The *Gustafson* court also found that three prerequisites had to be met in order to trigger the bar under Section 6512(a): (1) the Secretary must mail plaintiff's notice of deficiency under Section 6212; (2) plaintiffs must file a petition with the Tax Court contesting the notice of deficiency within the time period prescribed in Section 6213(a); and (3) none of the four exceptions listed in Section 6512(a) apply. *Id.*

## CONCLUSION

In the case at bar, the Commissioner of Internal Revenue issued the notice of deficiency on July 8, 1991. Plaintiffs challenged that deficiency in the United States Tax Court which entered a decision to which there was no appeal. The plaintiffs complaint does not fall within any one of the four exceptions. Thus, the necessary conditions to bar jurisdiction for any claim for the 1983 tax year under 26 U.S.C. § 6512(a) have been met.

Since 26 U.S.C. § 6512(a) clearly bars plaintiffs' complaint the court need not consider the government's alternate theory of *res judicata*. Although, the theory of *res judicata* would also appear to bar plaintiffs' complaint for the same general reasons that the statute bars the complaint. The statute protects against the relitigation of the same tax issues.

Therefore, defendant's motion to dismiss is hereby GRANTED.

**IT IS SO ORDERED.**