**David Lee SMITH, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 10–218T.

United States Court of Federal Claims.

Nov. 14, 2011.

David Lee Smith, Denver, CO, Plaintiff, pro se.

Jennifer Dover Spriggs, Tax Division, United States Department of Justice, Washington, DC, for Defendant.

## OPINION

DAMICH, Judge:

Plaintiff David Lee Smith, acting pro se, filed this suit to challenge the tax enforcement and collection actions taken against him and his wife by the Internal Revenue Service ("IRS"). Plaintiff contests the federal-income-tax deficiencies assessed on him by the IRS for the tax years 1992 to 1996 and 2001 to 2006. Plaintiff seeks to obtain a tax refund, civil damages, and various other forms of relief. Plaintiff alleges that this Court has jurisdiction over the refund claim under 28 U.S.C. § 1346 (2006) and the Tucker Act, 28 U.S.C. § 1491 (2006). He also alleges that the Tucker Act gives this Court jurisdiction over his claims for compensation arising under the Due Process Clause of the Fifth Amendment of the U.S. Constitution and under § 7422 and § 7433 of the Internal Revenue Code (I.R.C.) (2006).[1]

The Government has filed a motion to dismiss for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC"). The Government asserts that I.R.C. § 6512(a) bars this Court from exercising jurisdiction over any refund claim relating to a tax year for which a taxpayer already has filed a refund petition with the Tax Court. The Government argues that, with the exception of 2006, Plaintiff properly filed petitions with the Tax Court for all the tax years at issue, thereby barring this Court from exercising jurisdiction over Plaintiff's claims for those years. As for claims relating to tax year 2006, the Government argues that jurisdiction is not proper because Plaintiff did not fully pay the assessed tax for that period prior to filing this suit.

In response, Plaintiff asserts that the Tax Court's decisions regarding the deficiencies

for tax years 1992 to 1996 and 2001 to 2005 were "null and void *ab initio,*" and he alleges the Tax Court and the IRS violated his Fifth Amendment due process rights in various ways. Additionally, he argues that, because he contests the taxes due for 2006, the Government cannot establish that he has not paid a deficiency for that year. Further, he asserts that many other sections of the I.R.C. would provide a basis for jurisdiction.

Plaintiff asserts that full discovery is necessary before the Court can rule on the motion to dismiss. Previously, the Court denied Plaintiff's request for discovery, and Plaintiff now requests reconsideration of that decision. Because Plaintiff has not identified any disputed facts which, if established, could support jurisdiction, the Court denies Plaintiff's motion for reconsideration.

Because Plaintiff already filed petitions challenging the deficiencies in Tax Court for the years 1992–1996 and 2001–2005, the Court grants the Government's motion to dismiss the claims involving those years. The Court also grants the Government's motion to dismiss the claims for tax year 2006 because Plaintiff did not pay the full amount of the deficiency before bringing suit. Additionally, the Court denies as moot Plaintiff's motion for reconsideration of the decision denying his motion to set this case for trial on the merits.

## I. Background

### A. Prior Tax Court Proceedings

This case involves a long-running dispute between the IRS and Plaintiff and his wife, Mary Julia Hook. Prior to the filing of this case, Plaintiff and Ms. Hook ("Taxpayers") have filed numerous other suits disputing their tax liability for the tax years at issue here. A brief history of the dispute follows.

For all the tax periods at issue, Plaintiff and Ms. Hook[2] filed joint income-tax returns. The IRS determined that the Taxpayers did not pay all their income taxes, and it assessed them with income-tax deficiencies

---

1. The I.R.C. can be found in Title 26 of the U.S.Code.

2. Although Plaintiff and Ms. Hook are married, they have been separated since 1998.

for each tax period. Plaintiff and Ms. Hook have challenged each of the IRS's determinations by filing petitions with the Tax Court.

After the IRS determined the Taxpayers misreported their taxable income for tax periods 1992 to 1996, the IRS issued Notices of Deficiency. The Taxpayers challenged the IRS's determinations by filing petitions in the Tax Court. The Tax Court consolidated those petitions into one action. Due to a failure to prosecute, the Tax Court dismissed the case. *See Smith v. Comm'r of Internal Revenue,* T.C. Memo. 2003–266, 2003 WL 22100685, *aff'd sub nom. Hook v. Comm'r of Internal Revenue,* 103 Fed.Appx. 661 (10th Cir.2004), *cert. denied,* 544 U.S. 950, 125 S.Ct. 1713, 161 L.Ed.2d 527 (2005). On September 16, 2003, the Tax Court entered default judgment against petitioners for approximately $256,000. Def.'s Exs. 9–10 (orders of the Tax Court).

On July 3, 2007, the IRS issued Notices of Deficiency to the Taxpayers for the 2001 to 2005 tax periods because the IRS again determined that they misreported their taxable income. In 2007, Plaintiff and Ms. Hook timely filed a petition in Tax Court seeking redetermination of the deficiencies. For tax year 2006, Plaintiff and Ms. Hook did not pay the full amount due as shown on their income-tax return. The IRS did not contest the reported income, but issued a Notice of Intent to Levy for the unpaid tax balance. Plaintiff challenged the levy by filing a petition with the Tax Court, but he did not request a refund.[3]

In their Tax Court case for 2001 to 2005, the Taxpayers raised several arguments in addition to their refund claims. They alleged that, during the pendency of the case, the IRS was unlawfully collecting amounts to satisfy the 2001 to 2005 deficiencies (and that those amounts should be refunded). The Tax Court determined that the collections efforts actually related to the 1992 to 1996 deficiencies and therefore were proper. *Smith v. Comm'r of Internal Revenue,* T.C. Memo. 2010–240, 2010 WL 4457709, *6–*7 (2010). The Taxpayers also attempted to reargue the merits of the Tax Court's previous decision relating to the 1992 to 1996 tax years. The Tax Court stated that the 1992 to 1996 deficiencies were not part of the case. *Id.*

The case was delayed for a number of years, but eventually was set for a May 2010 trial. One month before trial, Plaintiff filed this suit in this Court.[4] In the Tax Court, Plaintiff argued that filing this suit divested the Tax Court of jurisdiction over the entire action and automatically gave this Court jurisdiction over all the claims relating to tax years 1992 to 1996 and 2001 to 2006. The Tax Court disagreed. On November 1, 2010, the Tax Court issued a decision that found that the IRS's assessments were proper and found the Plaintiff liable.[5] *Smith,* 2010 WL 4457709, at *7.

## B. *Procedural History of this Case*

Plaintiff filed this case on April 9, 2010. Before the parties could agree to the matters to be contained in a joint preliminary status report,[6] Plaintiff served a discovery request on the Government. The Government requested, and the Court granted, enlargements of time to respond. The parties could not agree to a joint preliminary status report, and the Court permitted the parties to file separate reports. On December 14, 2010, the Court held a Preliminary Status

---

**3.** On January 7, 2011, the Tax Court found that the 2006 levy was proper, and it dismissed Plaintiff's challenge. It also noted that Plaintiff improperly was attempting to dispute his tax liability for years 1994 to 1996 and 2004. *Smith v. Comm'r of Internal Revenue,* Docket No. 27995–09L, Order and Decision at 4 (Jan. 7, 2011) (Def.'s Ex. 12).

**4.** On January 19, 2010, Plaintiff and Ms. Hook filed a Protective Claim for Refund and/or Credit for tax years 1992 to 1996 and 2001 to 2006 with the IRS. Plaintiff filed this action on April 9, 2010, less than 6 months after his claim with the IRS. *See* I.R.C. § 6532.

**5.** While the suit was pending, Ms. Hook signed a settlement agreement with the IRS. The settlement reduced Ms. Hook's liability from approximately $620,000 to $314,000. Pl.'s Resp. at 18. The Tax Court gave Plaintiff the benefit of Ms. Hook's settlement and reduced his liability.

**6.** For the matters to be contained in the joint preliminary status report, *see* RCFC, Appendix A; Special Procedures Order, Apr. 19, 2010.

Conference with the parties. The Government informed the Court that it intended to file a motion to dismiss for lack of jurisdiction. Plaintiff asserted that discovery would be required before the motion could be decided. The Court informed Plaintiff that if he thought the Government's motion to dismiss brought up issues requiring discovery, he should identify clearly in his response those issues that required discovery. The Court would then decide whether discovery should be permitted before deciding the motion to dismiss. In the meantime, all discovery requests were stayed.

On February 3, 2011, the Government filed a motion to dismiss. On March 3, 2011, Plaintiff filed a response in opposition. On March 18, 2011, the Court notified the parties that Plaintiff had not identified specific factual issues that would require discovery. On March 24, 2011, the Government filed a reply brief. On March 25, 2011, Plaintiff requested reconsideration of the Court's decision to decide the motion to dismiss without discovery. On June 17, 2011, the Court granted Plaintiff leave to file the motion for reconsideration of the Court's discovery decision. The Court requested the Government's view on the motion, and on August 4, 2011, the Government filed a response.

On September 26, 2011, Plaintiff filed a motion requesting that the Court set the case for trial on the merits. The Court denied the motion on September 29, 2011. On October 19, 2011, Plaintiff filed a motion for reconsideration of the denial. Because the Court finds it lacks jurisdiction over Plaintiff's claims, the Court now denies as moot his motion for reconsideration.

## II. *Discussion*

### A. *The Effect of a Petition in Tax Court*

■■ When a taxpayer is assessed with an income-tax deficiency, he can challenge the IRS's assessment in one of two ways. *See Flora v. United States,* 362 U.S. 145, 163, 80 S.Ct. 630, 4 L.Ed.2d 623 (1960). He can pay the tax, request a refund from the IRS, and then file suit in this Court or a district court for a refund. I.R.C. § 7422(a). Alternative-

ly, he can challenge the deficiency without paying it by filing a petition with the Tax Court. *See Flora,* 362 U.S. at 163, 80 S.Ct. 630; *Gustafson v. United States,* 27 Fed.Cl. 451, 453 (1993) (Tax Court's jurisdiction is properly invoked if the IRS mailed the Notice of Deficiency and Plaintiff timely filed a petition with the Tax Court contesting the deficiency). If a taxpayer properly files a petition with the Tax Court, he cannot then file a claim in another court to obtain a credit or refund for the same taxable year. § 6512(a); *Erickson v. United States,* 309 F.2d 760, 767 (Ct.Cl.1962) ("[T]he Tax Court's jurisdiction, once it attaches, extends to the entire subject of the correct tax for the particular year"); *Koss v. United States,* 69 F.3d 705, 708 (3d Cir.1995) ("Under this section, filing a petition to the Tax Court to challenge an asserted deficiency bars the taxpayer from bringing a suit in any other court for the recovery of any part of the tax for that taxable year"); *see Gustafson,* 27 Fed. Cl. at 453. Once a taxpayer chooses to seek relief in the Tax Court, "he puts the entire matter into the hands of that court." *Stephanatos v. United States,* 306 Fed.Appx. 560, 563 (Fed.Cir.2009); *accord Koss,* 69 F.3d at 709 (citing cases from various circuits and noting that courts regularly hold that a petition to the Tax Court bars a subsequent suit in district court, even where the subsequent suit involves issues that could not have been litigated in the Tax Court).

I.R.C. § 6512(a) contains several exceptions to its general bar on subsequent jurisdiction by another court. In certain circumstances, a taxpayer may seek a refund of amounts collected in excess of the amount due and he may seek a refund for wrongful collections. § 6512(a)(2), (3), (5).

### B. *Plaintiff Bears the Burden of Establishing Jurisdiction*

A plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *See Reynolds v. Army & Air Force Exch. Serv.,* 846 F.2d 746, 748 (Fed.Cir.1988) ("[O]nce the [trial] court's subject matter jurisdiction [is] put in question, it [is] incumbent upon [the plaintiff] to come forward with evidence establishing the court's juris-

diction"). When deciding a motion to dismiss pursuant to RCFC 12(b)(1), the Court is "obligated to assume all factual allegations to be true and to draw all reasonable inferences in [the] plaintiff's favor." *Henke v. United States*, 60 F.3d 795, 797 (Fed.Cir.1995); *see Folden v. United States*, 379 F.3d 1344, 1354 (Fed.Cir.2004).

If subject matter jurisdiction is challenged, the plaintiff cannot rely merely on allegations in the complaint, but must instead bring forth relevant, competent proof to establish jurisdiction. *See McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); *Reynolds*, 846 F.2d at 747–48. When ruling on a motion to dismiss for lack of subject matter jurisdiction, a court may consider evidence and resolve factual disputes over the jurisdictional facts. *Reynolds*, 846 F.2d at 747; *see also Rocovich v. United States*, 933 F.2d 991, 994 (Fed.Cir.1991); *Int'l Mgmt. Servs., Inc. v. United States*, 80 Fed.Cl. 1, 2 n. 2 (2007).

At the December 14, 2010 Preliminary Status Conference, the Court discussed with the parties the need for discovery to resolve a motion to dismiss. Plaintiff argued that full discovery was necessary before the Court could determine whether jurisdiction was proper. The Court agreed that discovery on jurisdictional facts could be warranted but told Plaintiff that he needed to be more specific. The Court ordered Plaintiff to identify in his response to a motion to dismiss "the factual issues with precision, to explain their relevance, and to indicate the basis on which he believes there are contradictory facts." *See* Order, Dec. 15, 2010.

■ In its briefing on its motion to dismiss, the Government filed exhibits to support its positions. The exhibits consisted of Certificates of Assessment for some of the tax periods at issue, several of the petitions and orders from the Tax Court proceedings, and an affidavit from an IRS revenue officer. The Government may show that a valid assessment has been made by presenting the Certificate of Assessments and Payments against the taxpayer. *Rocovich*, 933 F.2d at 994 (stating that a "Certificate of Assessments and Payments is routinely used to prove that a tax assessment has in fact been made" and is "presumptive proof of a valid assessment").

Plaintiff filed his response to the motion to dismiss and did not include any exhibits or identify any specific factual disputes. The Court found that Plaintiff had not identified any specific factual issues that would require discovery. Notice, Mar. 18, 2011. The Court noted that Plaintiff's only reference to discovery was the statement: "[c]learly, the pleadings, affidavits, certificates, court decisions, and other documents included in the Appendix (Exhibits 1–13, with attached Exhibits 1 and 2) to the Motion of the United States to Dismiss the Complaint do not resolve the payment/collection issues or other disputed issues in this case." Pl.'s Resp. at 29. That statement was insufficient to identify any factual dispute that would require discovery to resolve.

Plaintiff filed a motion for reconsideration of the decision denying discovery. Plaintiff argues that the Government, by filing exhibits with its motion to dismiss, converted the motion to one for summary judgment under RCFC 56. Plaintiff requests copies of the transcripts of all Tax Court proceedings and IRS records identifying the funds the IRS has collected from him and his wife. He also requests the Court to deny the motion for summary judgment, to order the Government to produce the requested documents, and to defer consideration of the motion to dismiss until trial.

■ The Court finds that Plaintiff has not established that reconsideration is proper. *See A.A.B. Joint Venture v. United States*, 77 Fed.Cl. 702, 704 (2007) (stating the Court will not reconsider a decision unless moving party can show the Court made a "manifest error of law or mistake of fact"). The Court may consider the Government's exhibits in resolving the jurisdictional facts without turning the motion to dismiss for lack of subject matter jurisdiction into a motion for summary judgment. *See Reynolds*, 846 F.2d at 747–48.

Further, Plaintiff has not shown that discovery could result in evidence that could support his claim for jurisdiction, and therefore, the Court is not obligated to permit

discovery. *Rick's Mushroom Service, Inc. v. United States,* 521 F.3d 1338, 1346–47 (Fed. Cir.2008) (affirming the decision by the Court of Federal Claims to deny discovery on jurisdictional facts when the plaintiff could not identify any disputed facts that would establish jurisdiction). In his response to the motion to dismiss, Plaintiff did not point to any facts that would support his claims for jurisdiction nor did he identify any supportive facts in his motion for reconsideration. He requested documents relating to the Tax Court proceedings, but he has not explained how they would show that jurisdiction is proper in this Court. Plaintiff also requested the IRS's records relating to collections efforts, but he has not explained what he expects the records to contain that will support jurisdiction. The evidence of record, such as the Certificates of Assessment,[7] provides no basis for suspecting that the IRS took any improper actions.

Plaintiff has not shown that discovery is necessary before the Court can determine whether it has jurisdiction. Because Plaintiff has not identified any exhibits of his own, the Court considers only the Government's exhibits in determining the jurisdictional facts and in ruling on the Governments RCFC 12(b)(1) motion.

## C. *Plaintiff's Tax Court Petitions*

### 1. *Tax Years 1992–1996*

■ After receiving Notices of Deficiency for tax years 1992 to 1996, Plaintiff and Ms. Hook petitioned the Tax Court for redetermination of those deficiencies. Plaintiff properly invoked the Tax Court's jurisdiction, and thereby elected to pursue his remedy in Tax Court. Consequently, he is barred from seeking relief in this Court, and any court, for tax years 1992 to 1996.

Plaintiff summarily alleges that his case falls under one of § 6512(a)'s exceptions. Pl.'s Resp. at 25. Plaintiff asserts that the amounts of the deficiencies were erroneously or illegally assessed or collected, and penal-

ties have been collected without authority, and the sum collected is excessive or was collected in a wrongful manner. Am. Compl. ¶ 1. Plaintiff has not identified any facts supporting his allegations. Plaintiff asserts that the IRS wrongfully collected $211,000 prior to September 27, 2007, but he does not explain why the collection was wrongful. The record shows that on September 16, 2003, the Tax Court issued a judgment against the Taxpayers for over $250,000. Plaintiff has not identified any facts showing collections were in excess of his liability or were otherwise unlawful.

Plaintiff also claims due process prevents § 6512(a) from barring jurisdiction. He argues that he now asserts claims for relief under different I.R.C. provisions, and he deserves an opportunity to present those claims. An inability to advance certain arguments in the Tax Court does not defeat § 6512(a)'s bar. *Stephanatos,* 306 Fed. Appx. at 563. Plaintiff also argues that the Tax Court deprived him of due process so its September 2003 decision was "null and void *ab initio.*" Plaintiff's contention is without merit. The Taxpayers appealed the September 2003 decision, and the Tenth Circuit affirmed the Tax Court; their petition for certiorari was denied. The September 2003 decision is final, it is valid, and Plaintiff has no basis for rearguing the merits of the decision now.

Therefore, because Plaintiff already has sought relief in Tax Court,[8] his claims relating to tax years 1992 to 1996 must be dismissed.

### 2. *Tax Years 2001–2005*

In 2007, Plaintiff and Ms. Hook properly filed a petition with the Tax Court for a redetermination of assessed deficiencies for 2001 to 2005. Once Plaintiff properly invoked the Tax Court's jurisdiction, he made his election to pursue his remedy in Tax Court; Plaintiff did not retain the right to change his mind by filing suit in another court before the Tax Court issued a final

---

7. The Government filed the Certificates of Assessment for 1995, 1996, 2004, and 2006. *See* Def.'s Exs. 1–4.

8. In Tax Court, Plaintiff has sought to argue the 1992 to 1994 tax periods two times and the 1995 to 1996 tax periods three times, making this case his third and fourth attempts, respectively, to litigate the same issues.

decision. Consequently, he is barred from seeking relief in another court for those tax years.

Again, Plaintiff summarily alleges that his case falls under one of § 6512(a)'s exceptions. Pl.'s Resp. at 25. Plaintiff asserts that the IRS wrongfully collected on the 2001 to 2005 deficiencies while his petition for redetermination was pending with the Tax Court. While their petition for 2001 to 2005 was pending, Plaintiff and Ms. Hook had outstanding liabilities for the 1992 to 1996 tax years [9] on which the IRS was collecting. *Compare* Def.'s Ex. 1 (Certificate of Assessment showing the IRS collected on the 1995 deficiencies in 2008–2010); Def.'s Ex. 3 (Certificate of Assessment for 2004 showing that the IRS stayed collection activity during the pendency of legal suit). Plaintiff has not identified any facts showing that the IRS collected on the 2001 to 2005 deficiencies during the pendency of the case. Plaintiff's bare allegations that the activities related to 2001 to 2005, as opposed to the 1992 to 1996 deficiencies, are insufficient to establish that the collections were wrongful.[10]

Plaintiff also argues that § 6512 does not apply because I.R.C. § 6015(e)(3) divested the Tax Court of jurisdiction over the entire claim when he filed this suit. Plaintiff argues that the entire Tax Court case automatically was transferred to this Court under § 6015(e)(3). Therefore the Tax Court's decision, which issued after this case was filed, is a nullity.[11]

■ Plaintiff's argument rests on a misunderstanding of § 6015. Section 6015 is an equitable remedy that permits a taxpayer to limit his liability for a deficiency if he can show the deficiency was attributable to his spouse and he did not know about it, *i.e.*, he was an "innocent spouse." The statute provides that "If a suit for refund is begun by either [spouse] ... the Tax Court shall lose jurisdiction of the individual's *action under this section* to whatever extent jurisdiction is

acquired by [another court] ..., and the court acquiring jurisdiction shall have jurisdiction over the petition filed under this subsection." § 6015(e)(3) (emphasis added). By its plain language, § 6015(e)(3) only affects an "action under this section"—an innocent spouse claim—and has no bearing upon jurisdiction over tax refund claims generally.

If a taxpayer elects to limit his liability by raising an innocent spouse defense in Tax Court, but subsequently files a refund claim in this Court or a district court, § 6015(e)(3) operates to transfer the innocent spouse claim from the Tax Court to the other court so the two can be adjudicated together. To be sure, the provision does not provide an independent basis for this Court to assert jurisdiction over a tax refund claim. *See Andrews v. United States*, 69 F.Supp.2d 972, 979 (N.D.Ohio 1999) (noting that § 6015(e) does not change the jurisdictional requirements of other I.R.C. sections). Plaintiff's filing of this suit did not divest the Tax Court of jurisdiction over his refund claims. Because this Court has no jurisdiction over any of Plaintiff's claims, it also does not have jurisdiction over his innocent spouse defense.

Therefore, because Plaintiff already has sought relief in Tax Court, his claims relating to tax years 2001 to 2005 must be dismissed.

### D. *The Full Payment Rule*

■ It is well established that this Court, and the district courts, lack jurisdiction over a tax refund suit if the full amount of the assessed tax has not been paid at the time the suit is filed. 28 U.S.C. § 1346(a)(1); *Flora*, 362 U.S. at 177, 80 S.Ct. 630; *Shore v. United States*, 9 F.3d 1524, 1526 (Fed.Cir. 1993) (stating that the full payment rule "applies equally to tax refund suits brought in the Court of Federal Claims under Section 1491"). If for any tax period, Plaintiff had not paid in full the tax assessment at the time he filed this suit, this Court lacks juris-

---

9. It appears that they still have outstanding liabilities for 1992 to 1996. *See* Pl.'s Resp. at 19.

10. Plaintiff raised, and Tax Court rejected, this argument as well. *See Smith*, 2010 WL 4457709, at *6–*7.

11. Because § 6512 attaches when the Tax Court's jurisdiction properly is invoked, the date of the Tax Court's decision is irrelevant.

diction over the claims relating to that tax period.

The Government has filed the Certificate of Assessments and Payments for 2006, which shows that Plaintiff had a tax balance of $2,379 at the time he filed this suit. Def.'s Ex. 4. Plaintiff alleges that the assessment is wrong and the Court should not consider it. Plaintiff's mere allegation that the Certificate of Assessment is wrong is insufficient to defeat a motion to dismiss. *See Rocovich*, 933 F.2d at 994. Because Plaintiff had not satisfied the full payment rule, jurisdiction is not proper.

### E. *Other Claims for Relief*

Plaintiff requests relief under several other theories.

This Court does not have jurisdiction over Plaintiff's claims that he is entitled to damages for unlawful collections. I.R.C. § 7433 only provides for district court jurisdiction over claims for damages for unlawful collections. *Ledford v. United States*, 297 F.3d 1378, 1382 (Fed.Cir.2002); *see also Brown v. United States*, 105 F.3d 621, 623 (Fed.Cir. 1997) (finding this Court does not have jurisdiction over actions sounding in tort).

Plaintiff also alleges Fifth Amendment due process violations. The due process clause of the Fifth Amendment is not a money-mandating provision under the Tucker Act. *See Murray v. United States*, 817 F.2d 1580, 1583 (Fed.Cir.1987).

Plaintiff requests that the Court transfer his case to a forum with jurisdiction if the Court finds it lacks jurisdiction. No such court exists. Because the bars established by § 6512(a) and the full payment rule apply both to this Court and the district courts, Plaintiff's petitions in the Tax Court and his failure to satisfy the full payment rule prevent any court from having jurisdiction over his claims.

He also requests that he be permitted to amend his complaint to perfect jurisdiction.

The Court denies this request. Amending the complaint would be useless because Plaintiff has no meritorious basis upon which he can bring these claims.

To the extent that Plaintiff alleges that other legal theories entitle him to relief, the Court finds that it lacks jurisdiction over those claims. To the extent Plaintiff has requested other forms of relief, the Court denies those requests as without merit.[12]

### III. *Conclusion*

Plaintiff has not established that this Court has jurisdiction over his claims. Accordingly, the Government's motion to dismiss for lack of jurisdiction is **GRANTED.** The Clerk is directed to dismiss the Plaintiff's complaint.

---

12. The Court notes that other tribunals have warned Plaintiff about filing non-meritorious suits and motions. *See Smith*, 2010 WL 4457709, at *7 (noting Plaintiff's "pointless rehashing of the decisions for 1992 through 1996 [and] his repetitious motions" and warning Plaintiff that "any additional proceedings brought by him in which he makes similar groundless arguments for the same purpose may result in imposition of a penalty").